Richard G. Grotch, Esq. – SBN 127713
Jonathan C. Harriman, Esq. – SBN 250943
**CODDINGTON, HICKS & DANFORTH**
**A Professional Corporation, Lawyers**
555 Twin Dolphin Drive, Suite 300
Redwood City, CA  94065-2133
Telephone: (650) 592-5400
Facsimile:   (650) 592-5027
rgrotch@chdlawyers.com
jharriman@chdlawyers.com

**ATTORNEYS FOR** Defendants
Alaska Airlines, Inc., All Nippon Airways, Co., Ltd.,
American Airlines, Inc., Delta Air Lines, Inc., JetBlue Airways
Corp., Southwest Airlines Co., United Airlines, Inc. and
Virgin America Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Neil Schaefer, Rachel Worrall, Adam Worrall, Andrew Harding, Carolyn Harding, Pete Haworth, Jim Showalter, Lisa Jorgensen, Zhi Lu, Tim Ward, Ann Steinlauf, Bill Miller, Linda Wiles, Brad Wiles, Simon Gleyzer, Todd Anderson, Carol Witter, Eric Witter, Catherine Hudson, John Yacco, Rene'-Francois Cervantes, Brian Davis, Jill Davis, David Lynch, Serena Lynch, Lee Besse, Stefania Pietraszek, Michael Brokaw, Derek Brown, Wendy Brown, Rossana Bruni, Kathleen Dwyer, Celeste Gitthens, Daniel McKay, Patricia McKay, Janell Picard, Kyla Piramoon, Cheryl Poland, Paula Ramsey, Marc Ritson, Craig Robinson, Debbie Robinson, Babak Sarashki, Ruth Segal, Andrew Smith, Julie Smith, Rene Vega, Michelle McAuliffe, Greg McAuliffe, Robert Boatright, Jil Boatright, Marianne Mejia, Fred Mejia, Audrey Armstrong, Tony Armstrong, Brian Anderson, Kelly Otis, Douglas Nestler, Kathleen Nestler, and Doe Plaintiffs 1-10,000,<br><br>Plaintiffs,<br><br>vs.<br><br>City and County of San Francisco, City of San Jose, United Airlines, Inc., Southwest Airlines, Inc., Virgin America, Inc., American Airlines, Inc., Delta Air Lines, Inc., Korean Airlines | Case No.<br><br>NOTICE OF REMOVAL BASED ON FEDERAL QUESTION JURISDICTION [28 U.S.C. § 1441(a)] |

1

Notice of Removal
Case No:                                                                                             344388

Co., Ltd., Alaska Airlines, Inc., Jet Blue
Airways Corporation, Asiana Airlines, Inc.,
China Airlines, All Nippon Airways Co., Ltd.,
Compañia Panameña de Aviación, S.A.,
Nippon Cargo Airlines Co. Ltd., United Cargo
Airlines, Inc., and Doe Defendants 1-100,

Defendants.

TO THE CLERK OF THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF
RECORD:

PLEASE TAKE NOTICE that defendants ALASKA AIRLINES, INC., ALL
NIPPON AIRWAYS CO., LTD., AMERICAN AIRLINES, INC., DELTA AIR LINES,
INC., JETBLUE AIRWAYS CORP., SOUTHWEST AIRLINES CO., erroneously sued as
Southwest Airlines, Inc., UNITED AIRLINES, INC., and VIRGIN AMERICA INC.,
erroneously sued as Virgin America, Inc., referred to collectively herein as "the Airlines,"
hereby remove this action from the Superior Court of California, County of Santa Cruz, to the
United States District Court for the Northern District of California, San Jose Division.

## I.    PLEADINGS TO DATE

On or about April 18, 2016, an action entitled *Neil Schaefer, et al., Plaintiffs v. City and
County of San Francisco, et al., Defendants,* was filed in the Superior Court of California, for the
County of Santa Cruz, where it was assigned Case No. 16CV00946 (hereinafter referred to as
"the Action").  The Action was filed on behalf of plaintiffs Neil Schaefer, Rachel Worrall,
Adam Worrall, Andrew Harding, Carolyn Harding, Pete Haworth, Jim Showalter, Lisa
Jorgensen, Zhi Lu, Tim Ward, Ann Steinlauf, Bill Miller, Linda Wiles, Brad Wiles, Simon
Gleyzer, Todd Anderson, Carol Witter, Eric Witter, Catherine Hudson, John Yacco, Rene'-
Francois Cervantes, Brian Davis, Jill Davis, David Lynch, Serena Lynch, Lee Besse, Stefania
Pietraszek, Michael Brokaw, Derek Brown, Wendy Brown, Rossana Bruni, Kathleen Dwyer,
Celeste Gitthens, Daniel McKay, Patricia McKay, Janell Picard, Kyla Piramoon, Cheryl Poland,
Paula Ramsey, Marc Ritson, Craig Robinson, Debbie Robinson, Babak Sarashki, Ruth Segal,
Andrew Smith, Julie Smith, Rene Vega, Michelle McAuliffe, Greg McAuliffe, Robert Boatright,

Notice of Removal
Case No:                                                                                          344388

Jil Boatright, Marianne Mejia, Fred Mejia, Audrey Armstrong, Tony Armstrong, Brian Anderson, Kelly Otis, Dougles Nestler, Kathleen Nestler, and Doe Plaintiffs 1-10,000.

The defendants include, *inter alia*, the Airlines. A true and correct copy of the complaint in the Action ("the Complaint") is attached hereto as Exhibit A.

A true and correct copy of the additional pleadings filed in the Santa Cruz County Superior Court in the Action is attached hereto as Exhibit B.

The Action relates to plaintiffs' complaints regarding safety and noise issues they attribute to "new overhead flight paths" that they claim have caused them damage.

## II.    RECEIPT OF THE INITIAL PLEADINGS/TIMELINESS OF REMOVAL

Copies of the Complaint filed in the Action were mailed to the agents for service of process for the Airlines. By agreement of counsel for plaintiffs and counsel for the Airlines, signed notices of acknowledgement and receipt, pursuant to section 415.30 of the California Code of Civil Procedure, were (a) emailed by plaintiffs' counsel, (b) signed on behalf of each of the Airlines, and (c) returned to plaintiffs' counsel within 20 days of the date of mailing. Pursuant to Code of Civil Procedure § 415.30(c), service as to each of the Airlines is deemed complete on June 24, 2016, the date the written acknowledgments were executed. Attached as Exhibit C is a true and correct copy of all the notices of acknowledgement and receipt forms executed on behalf of all the Airlines.

This Notice of Removal is timely as it is filed within 30 days after service of the summonses and the Complaints. See 28 U.S.C. § 1446(b).

## III.    BASIS FOR REMOVAL – SUBSTANTIAL FEDERAL QUESTION JURISDICTION

Removal of the Action is appropriate under 28 U.S.C. § 1441(a), because this Court would have had original subject matter jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1331 had plaintiffs elected to file the action initially in federal court. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As the Supreme Court recognizes, federal-question jurisdiction exists in an action, like this one, that asserts state law claims implicating

3

significant federal issues. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257, *r'hg denied,* 545 U.S. 1158, 126 S.Ct. 25, 162 L.Ed.2d 923 (2005).

### A.    Federal Question Jurisdiction Exists over Claims, Such as Plaintiffs', That Involve a Substantial Federal Issue

The Supreme Court has long recognized "that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable,* 545 U.S. at 312, 126 S.Ct. at 2367. Such cases – the Action included – share the following hallmarks. In the guise of a state law claim, the cases (1) necessarily raise a federal issue; the federal issue is (2) actually disputed and (3) substantial; and (4) the federal forum may entertain the issue without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Id.*, 545 U.S. at 314, 126 S.Ct. 2368.

As the Court explained, asserting federal question jurisdiction over state law claims implicating federal issues is appropriate and in harmony with "the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 312, 126 S.Ct. at 2367.

The Action raises state law claims in which significant, disputed federal issues are embedded. These include, among others, issues of aviation safety, management of the nation's navigable airspace, and control over aircraft noise in the navigable airspace. These are not merely inherently federal matters, they also demand national uniformity in interpretation and application. As such, the Action raises claims that can – and should – be adjudicated in federal court. See, e.g., *Twp. of Tinicum v. City of Phila.*, 737 F.Supp.2d 367, 368, 371 (E.D. Pa. 2010) (in "case [that] revolves around the proposed expansion and reconfiguration, as set forth in the [Federal Aviation Administration's] Capacity Enhancement Plan, of the runway system at Philadelphia International Airport," the Court "found that plaintiffs' cause of action raised a substantial federal question and held that it had jurisdiction pursuant to 28 U.S.C. § 1331.")

///

///

4

Notice of Removal
Case No:                                                                                               344388

### B.    Substantial Federal Issues are Embedded in Plaintiffs' Claims

### 1.    Plaintiff's Aviation Safety Allegations

Plaintiffs' lawsuit is animated by dissatisfaction with "new overhead flight paths."[1] Complaint, ¶ 1.  These new flight arrival paths to the San Francisco International Airport and the Norman Y. Mineta San José International Airport – "called SERFR and BRIXX" – came into use "[a]s of March 5, 2015."[2] *Id.*, ¶ 11.  The allegations in the Action relating to these "new overhead flight paths" implicate issues of (1) aviation safety; (2) management of the airspace; and (3) control over aircraft noise, near their properties.

With respect to aviation *safety*, plaintiffs various complain that "the new flight paths" pose a "continuing risk of midair collision with small aircraft" (*id.*, ¶ 1), "an unreasonable increase in risk of midair collision" (*id.*, ¶ 15), a "substantial risk of midair collision over their properties and/or community" (*id.*, ¶ 25) and "the risk of midair collision with small aircraft" (*id.*, ¶ 37).

Plaintiffs allege that the Airlines have violated *federal law* as expressed in Federal Aviation Regulations ("FARs"), and they maintain these purported violations have caused them harm. See, *id.*, at ¶¶ 1, 14,15, 21, 30, 33 (specifically referencing 14 C.F.R. § 91.131), 34, 35 (specifically referencing 14 C.F.R. § 91.13), 37-38, Prayer, ¶ 1.

---

[1]    As explained below, these "new flight paths" were promulgated and published by the federal government as part of a nationwide initiative aimed at "improving the daily operations of the entire National Airspace System."  See https://www.faa.gov/nextgen/ (last visited June 17, 2016).  Next Generation Air Transportation System, or NextGen, is "the [Federal Aviation Adminstration's] plan to modernize the National Airspace System (NAS) through 2025."  It is "a complex program intended to develop and implement new technologies, while integrating existing technologies and adapting the air traffic management system to a new way of operating." Federal Aviation Administration "Finding of No Significant Impact (FONSI) and Record of Decision for the Northern California Optimization of the Airspace and Procedures in the Metroplex" at 2 (see http://www.metroplexenvironmental.com/docs/norcal_metroplex/NorCal_OAPM_FONSI-ROD.pdf, last visited June 20, 2016.

[2]    "SERFR" and "BRIXX" are federally designated standard terminal arrival routes (STARs).  For a discussion of Air Traffic Control arrival procedures and pilot responsibilities as they relate to the transition between the en route and approach phases of flight, including the use of STARs, see Chapter 3 of the FAA's Instrument Procedures Handbook. https://www.faa.gov/regulations_policies/handbooks_manuals/aviation/instrument_procedures_handbook/media/Chapter_3.pdf, last visited June 20, 2016.

Notice of Removal
Case No:                                                                                                            344388

In fact, plaintiffs seek an (impermissible) "obey-the-law" injunction and the laws they seek to enforce are *federal* "air safety and noise regulations as to altitude and airspeed." Prayer, ¶ 1.

### 2.     Aviation Safety is Pervasively Regulated by Federal Law

The Federal Aviation Act of 1958, Pub. L. No. 85-726, 72 Stat. 744 ("the Act"), establishes requirements and standards of safety for airlines and addresses issues to ensure safety in the building, maintaining, and operating of aircraft. The statute requires the Administrator of the Federal Aviation Administration ("FAA") to prescribe regulations (the previously referenced FARs) that promote safe design, construction, maintenance and operation of airplanes, to conform to "minimum safety standards" that the Administrator also is to prescribe, to "reduce or eliminate the possibility or recurrence of accidents." 49 U.S.C. § 44701. In general, these regulations are to be promulgated with consideration of "the duty of an air carrier to provide service with the highest degree of safety in the public interest." *Id.*

When Congress enacted the Act, it noted that: "Aviation is unique among transportation industries in its relation to the Federal Government – it is the only one whose operations are conducted almost wholly within Federal jurisdiction, and are subject to little or no regulation by States or local authorities. Thus, the Federal Government bears virtually complete responsibility for the promotion and supervision of this industry in the public interest." See S. Rep. No. 1811, 85th Cong., 2d Sess. 5 (1958).

The creation of a federal agency vested with "full responsibility and authority" for promulgating uniform and national safety regulations (the FAA), and the resulting all-encompassing federal regulatory framework for determining, certifying and monitoring the safety of aircraft (the FARs), demonstrates that Congress considered the field to be one of *significant federal interest.* 6 H.R. Rep. No. 85-2360 (1958), as reprinted in 1958 U.S.C.C.A.N. 3471.

///

///

///

///

6

Notice of Removal
Case No:                                                                                                    344388

Given the density and detail of federal regulation over matters of airline safety, it is easily inferred that any state regulation within that field will necessarily interfere with the uniform, federal regulatory scheme.  See, e.g., *Nat'l Fed. of the Blind v. United Airlines, Inc.*, 813 F.3d 718, 734 (9th Cir. 2016).

### 3.    Plaintiffs' Airspace Control Allegations

Plaintiffs seek, among other things, "[a]n order prohibiting further use of the SERFR and BRIXX flight paths, and reversion to use of the BIG SUR flight path, at least until such time as impacts from the new flight paths, upon Plaintiffs and their communities, are appropriately studied and such impacts reasonably redressed by Defendants."  Prayer, ¶ 2.

In other words, based on their various complaints about the perceived negative impacts of the "new overhead flight paths," as catalogued in their complaint, plaintiffs seek to banish the Airlines from *federally*-approved air routes.  And they impermissibly seek to do so by invoking state law.

### 4.    The NAS is Pervasively Regulated by Federal Law

In the Act, Congress delegated to the FAA control over the nation's navigable airspace, now referred to as the National Airspace ("NAS").  Within the NAS, the FAA manages aircraft takeoffs, landings, and the flow of aircraft between airports.  To do so, it utilizes infrastructure (e.g., air traffic control facilities), people (e.g., air traffic controllers, maintenance, and support personnel), and technology (e.g., radar, communications equipment, ground-based navigational aids).  The NAS is one of the most complex aviation networks in the world, and the FAA manages it by promulgation and enforcement of a pervasive body of *federal* rules and regulations.

Even before enactment of the Act, the Supreme Court was cognizant of Congress's intent to regulate air safety and control *exclusively* at the federal level.  Justice Jackson wrote:

///

///

///

///

7

Notice of Removal
Case No:                                                                                                    344388

> Congress has recognized the national responsibility for regulating air commerce. Federal control is intensive and exclusive. Planes do not wander about the sky like vagrant clouds. They move only by federal permission, subject to federal inspection, in the hands of federally certified personnel and under an intricate system of commands. The moment a ship taxies onto a runway it is caught up in an elaborate and detailed system of controls. It takes off only by instruction from the control tower, it travels on prescribed beams, it may be diverted from its intended landing, and it obeys signals and orders. Its privileges, rights, and protections, so far as transit is concerned, it owes to the Federal Government alone and not to any state government.

*Northwest Airlines, Inc. v. Minnesota*, 322 U.S. 292, 303, 64 S.Ct. 950, 88 L.Ed. 1283 (1944) (Jackson, J. concurring).

According to its legislative history, the purpose of the FA Act was to create one *uniform* system of air space management so as to "eliminate the divided [federal] responsibilities and conflicts of interest" and "avoid duplication and division of [federal] authority that could result in further confusion." H.R. 2360, 85th Cong., 2nd Sess. (1958). Because the United States has a complex, coordinated, but *unitary* National Airspace, national uniformity in the interpretation and application of law is absolutely essential.

Air traffic flying to the San Francisco International Airport, whether or not that traffic is perceived as impacting the plaintiffs in Santa Cruz, can affect passengers and flights throughout the country. See, e.g., *Twp. of Tinicum, supra,* 737 F.Supp.2d at 368-369 (in litigation stemming from the proposed expansion and reconfiguration of the runway system at Philadelphia International Airport ("PHL"), the Court noted that congestion at PHL resulted in delays and that "delays impose substantial costs in time and money for passengers and airlines, cargo shippers, and for other users of the air transportation system, as these delays spread throughout the [national airspace system].") As demand for air travel increases and technology improves, the need for added efficiencies has become essential. This is what animates NextGen, the nationwide, federal program, pursuant to which the allegedly offending "new overhead flight paths" were created and published by the FAA.

///

Notice of Removal
Case No:

344388

### 5.    Plaintiffs' Aircraft Noise Allegations

Plaintiffs largely complain that the "new overhead flight paths" bring excessively noisy, commercial aircraft flights over their properties. Complaint, ¶ 1.   They maintain these new federal air routes – "SERFR and BRIXX" – have "harmed [them] by dramatically increasing the amount of noise, disturbance and pollution to Plaintiffs' [sic] and their properties – thereby preventing Plaintiffs from reasonable enjoyment of their properties" (*id.*).

According to plaintiffs, "in the one year since implementation of the new flight paths," and specifically the SERFR approach to the San Francisco International Airport, more than 150,000 noise complaints were generated by Santa Cruz County.  *Id.*, ¶ 13.  Plaintiffs reiterate that "[s]ince the implementation of the new flight paths, [they] have experienced a dramatic and unreasonable increase in the amount of aircraft noise, disturbance and pollution in their community."  *Id.*, ¶ 15.

### 6.    Aircraft Noise is Pervasively Regulated by Federal Law

The FAA has promulgated extensive federal regulations to control aircraft noise.  The Supreme Court has observed that with a Congressional mandate that requires a delicate balance between safety and efficiency, 49 U.S.C. § 1348(a), and protection of people on the ground, 49 U.S.C. § 1348(c), "[a]ny regulations adopted by the Administrator to control noise pollution must be consistent with the 'highest degree of safety.' 49 U.S.C. § 1431(d)(3).[3] *City of Burbank v. Lockheed Air Terminal, Inc.*, 411 U.S. 624, 638-639, 93 S.Ct. 1854, 1862, 36 L.Ed.2d 547 (1973).

In *City of Burbank*, the Supreme Court "extensively survey[ed]" both the Act and the Noise Control Act of 1972 and "found that Congress unequivocally intended that the federal government have '*full control over aircraft noise*, pre-empting state and local control,' *id.* at 633, 93 S.Ct. at 1859, emphasis added.  It characterized the federal regulation of aircraft noise as

---

[3]    With the repeal, revision, and recodification of the Act, Congress enacted 49 U.S.C. § 44715 which replaced 49 U.S.C. § 1431.  The legislative history reveals that Congress intended to "restate in comprehensive form, without substantive change, certain general and permanent laws related to transportation and ... to make other technical improvements in the Code." H.R. Rep. No. 180, 103d Cong., 2nd Sess. 1 (1993) reprinted in 1994 U.S. Code Cong. and Admin. News at 818.

Notice of Removal
Case No:                                                                                                      344388

"pervasive" in nature and as leaving "no room for local curfews or other local controls." *Id.* at 638, 93 S. Ct. at 1862.

As with so much else having to do with aviation in this country, "a uniform and exclusive system of federal regulation" is essential to fulfillment of the objectives of both the Act and the Noise Control Act of 1972. *San Diego Unified Port Dist. v. Gianturco*, 651 F.2d 1306, 1311-1312 (9th Cir. 1981).

\*\*\*\*

As shown above, the Action (1) necessarily raises federal issues; the federal issues are (2) actually disputed and (3) substantial; and (4) this federal forum can capably entertain the issue without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Grable*, 545 U.S. at 315.

## IV.   VENUE OF REMOVED ACTION

This Court is the United States District Court for the district embracing the place where the state court action is pending (the Superior Court for the County of Santa Cruz).  Therefore, pursuant to 28 U.S.C. §§ 1441(b) and 1446 and this Court's Civil Local Rule 3-2(e), the United States District Court for the Northern District of California, San Jose Division, is the appropriate court for the removal of the Action.

## V.   JOINDER BY ALL PROPERLY SERVED DEFENDANTS

The Airlines are informed and believe that they are the only defendants that have been properly served as of this date.  Counsel for the Airlines reviewed the superior court docket, on the date of the filing of this notice of removal, and confirmed that no proofs of service have been filed.  All the Airlines that are parties to this notice of removal, consent to removal to this Court.

## VI.   NOTICE TO COURT AND PARTIES

After the filing of this Notice of Removal, written notice of the removal shall be promptly given to counsel for plaintiffs and the Clerk of the Santa Cruz County Superior Court.

///

///

Notice of Removal
Case No:                                                                                                      344388

WHEREFORE, defendants Alaska Airlines, Inc., All Nippon Airways Co., Ltd., American Airlines, Inc., Delta Air Lines, Inc., JetBlue Airways Corp., Southwest Airlines Co., United Airlines, Inc. and Virgin America Inc. remove the Action now pending in the Santa Cruz County Superior Court to this Court.

Dated:  June 24, 2016                          Respectfully submitted,

                                               CODDINGTON, HICKS & DANFORTH


                                                    /s/ *Richard G. Grotch*

                                               By: _____
                                                   Richard G. Grotch
                                                   Attorneys for Defendants
                                                   Alaska Airlines, Inc., All Nippon Airways
                                                   Co., Ltd., American Airlines, Inc., Delta Air
                                                   Lines, Inc., JetBlue Airways Corp., Southwest
                                                   Airlines Co., United Airlines, Inc. and
                                                   Virgin America Inc.

11

Notice of Removal
Case No:                                                                              344388

# EXHIBIT A

Michael L. Rodenbaugh (State Bar No. 179059)
Marie Richmond (State Bar No. 292962)
RODENBAUGH LAW
548 Market Street – Box 55819
San Francisco, CA 94104
Phone: (415) 738-8087
Email: mike@rodenbaugh.com

Attorneys for Plaintiffs

**FILED**

APR 18 2016

ALEX CALVO, CLERK
BY KIMBERLY MERRELL
DEPUTY, SANTA CRUZ COUNTY

FILED BY FACSIMILE

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE CITY AND COUNTY OF SANTA CRUZ
## (UNLIMITED CIVIL JURISDICTION)

Neil Schaefer, Rachel Worrall, Adam Worrall, Andrew Harding, Carolyn Harding, Pete Haworth, Jim Showalter, Lisa Jorgensen, Zhi Lu, Tim Ward, Ann Steinlauf, Bill Miller, Linda Wiles, Brad Wiles, Simon Gleyzer, Todd Anderson, Carol Witter, Eric Witter, Catherine Hudson, John Yacco, Rene'-Francois Cervantes, Brian Davis, Jill Davis, David Lynch, Serena Lynch, Lee Besse, Stefania Pietraszek, Michael Brokaw Derek Brown, Wendy Brown, Rossana Bruni, Kathleen Dwyer, Celeste Gitthens, Daniel McKay, Patricia McKay, Janell Picard, Kyla Piramoon, Cheryl Poland, Paula Ramsey, Marc Ritson, Craig Robinson, Debbie Robinson, Babak Sarashki, Ruth Segal, Andrew Smith, Julie Smith, Rene Vega, Michelle McAuliffe, Greg McAuliffe, Robert Boatright, Jil Boatright, Marianne Mejia, Fred Mejia, Audrey Armstrong, Tony Armstrong, Brian Anderson, Kelly Otis, Douglas Nestler, Kathleen Nestler and Doe Plaintiffs 1-10,000,

        Plaintiffs,

        vs.

City and County of San Francisco, City of San Jose, United Airlines, Inc., Southwest Airlines, Inc., Virgin America, Inc., American Airlines, Inc., Delta

Case No. **16 C V 0 0 9 4 6**

**COMPLAINT FOR**

1. **CONTINUING NUISANCE**
2. **NEGLIGENCE**
3. **NEGLIGENCE *PER SE***
4. **WILLFUL MISCONDUCT**
5. **UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

**Complaint**                                            1

Air Lines, Inc., Korean Airlines Co. Ltd., Alaska    :
Airlines, Inc., Jet Blue Airways Corporation, Asiana    :
Airlines, Inc., China Airlines, All Nippon Airways    :
Co., Ltd., Compañía Panameña de Aviación, S.A.,    :
Nippon Cargo Airlines Co. Ltd., United Cargo    :
Airlines, Inc. and Doe Defendants 1-100,    :
                                                                       :
                     Defendants.                                 :
_____    :

Plaintiffs allege as follows:

## INTRODUCTION

1.    Plaintiffs bring this action against Defendants as a result of Defendants' actions in causing, each month, over 4000 commercial aircraft to fly in an excessively noisy and disturbing manner over Plaintiffs' properties, children and community. The new overhead flight paths, and the ways airlines choose to fly them, have caused and continues to cause harm to Plaintiffs by dramatically increasing the amount of noise, disturbance and pollution to Plaintiffs' and their properties -- thereby preventing Plaintiffs from reasonable enjoyment of their properties. Worse, Defendants have routinely violated and/or encouraged violations of air regulations pertaining to altitude and speed of these large commercial aircraft, which have resulted in direct harm to Plaintiffs, as well as increased, continuing risk of midair collision with small aircraft.

## PARTIES, JURISDICTION & VENUE

2.    Plaintiffs Neil Schaefer, Rachel Worrall, Adam Worrall, Andrew Harding, Carolyn Harding, Pete Haworth, Jim Showalter, Lisa Jorgensen, Zhi Lu, Tim Ward, Ann Steinlauf, Bill Miller, Linda Wiles, Brad Wiles, Todd Anderson, Carol Witter, Eric Witter, Catherine Hudson, John Yacco, Rene'-Francois Cervantes, Brian Davis, Jill

**Complaint**                                    2

Davis, David Lynch, Serena Lynch, Lee Besse, Stefania Pietraszek, Michael Brokaw Derek Brown, Wendy Brown, Rossana Bruni, Kathleen Dwyer, Celeste Gitthens, Daniel McKay, Patricia McKay, Janell Picard, Kyla Piramoon, Cheryl Poland, Paula Ramsey, Marc Ritson, Craig Robinson, Debbie Robinson, Babak Sarashki, Ruth Segal, Andrew Smith, Julie Smith, Rene Vega, Michelle McAuliffe, Greg McAuliffe, Robert Boatright, Jil Boatright, Marianne Mejia, Fred Mejia, Audrey Armstrong, Tony Armstrong, Brian Anderson, Kelly Otis, Douglas Nestler and Kathleen Nestler are residents of Santa Cruz County, California.

3.    Simon Gleyzer is a resident of San Mateo County, California.

4.    Doe Plaintiffs 1-10,000 are residents of Santa Cruz County, California, Santa Clara County, California, or San Mateo County, California.

5.    Defendant City and County of San Francisco owns and operates San Francisco International Airport ("SFO") in San Mateo County, California.

6.    Defendant City of San Jose owns and operates San Jose International Airport ("SJC") in Santa Clara County, California.

7.    Defendants United Airlines, Inc., Southwest Airlines, Inc., Virgin America, Inc., American Airlines, Inc., Delta Air Lines, Inc., Korean Airlines Co. Ltd., Alaska Airlines, Inc., Jet Blue Airways Corporation, Asiana Airlines, Inc., China Airlines, All Nippon Airways Co., Ltd., Compañía Panameña de Aviación and S.A., Nippon Cargo Airlines Co. Ltd. and United Cargo Airlines, Inc. each operate many daily flights over Plaintiffs' properties.

8.    Doe Defendants are additional airports and airline companies that operate flights over Plaintiff's properties, and their executive decision makers who have directed such activities, and continue to direct such activities, despite over one hundred fifty thousand community complaints since March 5, 2015, and direct knowledge of the illegal nature of many of their flights.

**Complaint**                                        3

9.     This Court has personal jurisdiction over Defendants, because their wrongful acts complained of occurred, at least in substantial part, within Santa Cruz County, and have caused Plaintiffs' damage in this county.

10.     Venue is proper in the Santa Cruz County because Plaintiffs' reside here, a substantial portion of the events and conduct giving rise to the Plaintiffs' complaint occurred here, and Plaintiffs were and are being damaged here.

## GENERAL ALLEGATIONS

11.     As of March 5, 2015, Defendants began use of new flight paths over Plaintiffs' properties, called SERFR and BRIXX.

12.     For over 30 years prior, Defendants had used another, still existing and in-use flight path, called BIG SUR.

13.     On information and belief, in the year 2014, there was one noise complaint from Santa Cruz County filed with SFO concerning use of BIG SUR.  On information and belief, in the one year since implementation of the new flight paths, there have been more than one hundred fifty thousand noise complaints from Santa Cruz County filed with SFO concerning use of SERFR.

14.     Upon information and belief, many aircraft using the new flight paths routinely fly at altitudes substantially below the designated floor for Class B airspace, fly at substantially higher speeds than allowed by FAA regulations and local noise regulations, and thus often employ loud "speed brakes" as they fly over Plaintiffs' properties.  Published FAA procedures allow airlines to descend their aircraft at altitudes over Plaintiffs' community that are conducive to a quiet, idle descent, but the airlines generally choose to do otherwise. Furthermore, airlines could mitigate the nuisance by flying less or not at all during times that people are likely to be sleeping (e.g. 10pm to 7am), but they choose to not

**Complaint**                                4

do so.  No law or regulation forces them to fly during those times.  In fact, no law or regulation forces them to fly at all.

15.    Since the implementation of the new flight paths, Plaintiffs have experienced a dramatic and unreasonable increase in the amount of aircraft noise, disturbance and pollution in their community – in addition to an unreasonable increase in risk of midair collision due to Class B airspace and airspeed violations over their properties and/or community.

16.    The airports, SFO and SJC, have the power to take various actions to reduce aircraft noise over Plaintiffs' community.  For example, without limitation:  (a) they could institute a program of preferential runway use that would cause planes to take a different flight path, which would result in exposing far fewer people to aircraft noise; (b) they could do much more to convince the airlines to take steps that would result in quieter flights and fewer noise complaints over Plaintiffs' community, *e.g.* they could decide whether to grant airline gate preferences based on each particular airline's noise mitigation record; and/or (c) SFO could institute a curfew against planes taking off or landing at more sensitive "quiet" times (SJC already has a curfew).

17.    As a result, Plaintiffs' have been damaged from, without limitation, the increased noise, disturbance, pollution and risk of midair collision as aforesaid.

## CAUSES OF ACTION
### First Cause of Action
(Continuing Nuisance)

18.    Plaintiffs incorporate each of the foregoing paragraphs as though fully set forth here.

19.    Defendants have substantially interfered with, and continue to substantially interfere with, Plaintiffs' and their children's use and enjoyment of their properties.

**Complaint**                                             5

20.    Plaintiffs own and/or occupy their properties beneath the SERFR and/or BRIXX flight paths.

21.    Defendants direct and/or encourage commercial aircraft to fly directly over Plaintiffs' properties and community, below the designated floor for Class B airspace, and at illegally excessive speeds, and thus have created, incented and/or permitted conditions to exist that obstruct Plaintiffs' free use of their properties and interferes with the Plaintiffs' comfortable enjoyment of life and/or property.

22.    Defendants' commercial use of the new flight paths interferes with Plaintiffs' use and enjoyment of their properties.  Specifically, Plaintiffs must endure hundreds or thousands of direct overhead flights each week, including enormously loud and otherwise disturbing flights at early morning and late night hours, seven days per week, fifty-two weeks per year -- which create unbearably frequent and severe noise and vibration disturbances, pollution from the aircraft, and risk of midair collision.

23.    Plaintiffs have not consented to Defendants' conduct.  In fact, Plaintiffs have made hundreds if not thousands of complaints to SFO stating that the noise created by overhead aircraft was a disruption to Plaintiffs' comfortable enjoyment of their properties.  Many such complaints identify the offending airlines and flight numbers. Defendants have been made aware that the aircraft noise and disturbance, for which they are responsible, is causing harm to Plaintiffs, yet they have continued their harmful conduct without substantial change.

24.    Any ordinary person would be reasonably and severely annoyed or disturbed by Defendants' conduct.

25.    Plaintiffs have suffered harm including, without limitation, substantially diminished quality of life, substantial aircraft pollution and substantial risk of midair collision over their properties and/or community. Each plaintiff has also suffered from one or more of the following: loss of sleep, loss of productivity, loss of quietude,

**Complaint**                                6

large turbine engine-powered airplane to or from a primary airport for which a Class B airspace area is designated must operate at or above the designated floors of the Class B airspace area while within the lateral limits of that area." 14 C.F.R. 91.131 (a)(2).

34.    Defendants have frequently violated, and continue to frequently violate, the Class B Airspace statute by flying aircraft below the designated floor on the SERFR flight path without authorization by Air Traffic Control.

35.    Defendants also frequently violate airspeed restrictions, and thus frequently utilize disturbing "speed brakes", during flights over Plaintiffs' properties.

36.    Furthermore, Defendants frequently violate 14 C.F.R. § 91.13 (a), providing that "No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another."

37.    These willful, continued regulatory violations dramatically and unnecessarily increase the noise and disturbance levels at Plaintiffs' properties and in their community, as well as the risk of midair collision with small aircraft, and are a substantial factor in causing harm to Plaintiff.

38.    These statutes were designed to prevent this sort of harm to Plaintiffs and other people like Plaintiffs, thus the violations of these statutes constitutes Defendants' negligence *per se*.

### Fourth Cause of Action
### (Willful Misconduct)

39.    Plaintiffs incorporate each of the foregoing paragraphs as though fully set forth here.

40.    Defendants intentionally have engaged in unreasonable conduct as aforesaid, in willful disregard of known risk to Plaintiffs and their communities.

**Complaint**                                          8

41. Defendants have had much, frequent, actual notice of the harm occurring to Plaintiffs, yet have continued their harmful misconduct for one year without substantial change or efforts to mitigate such harm.

42. Defendants have had actual notice that such conduct, if unabated, would continue to cause harm to Plaintiffs.

43. Yet, Defendants have consciously failed to act to avoid or mitigate the ongoing substantial harm to Plaintiffs.

### Fifth Cause of Action
### (Unfair Competition)

44. Plaintiffs incorporate each of the foregoing paragraphs as though fully set forth here.

45. Defendants' wrongful acts, as described in this Complaint, are unlawful, unfair and fraudulent, and cause damage to Plaintiffs, in violation of section 17200 *et seq.* of the California Business and Professions Code.

46. As a result of Defendants' past and continued wrongful acts, Plaintiffs have incurred damages in an amount to be proved at trial, including compensation for Plaintiffs' time, effort and attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, including:

1. An order requiring Defendants' immediate compliance with air safety and noise regulations as to altitude and airspeed on the SERFR and BRIXX flight paths;

2. An order prohibiting further use of the SERFR and BRIXX flight paths, and reversion to use of the BIG SUR flight path, at least until such time as impacts

**Complaint**                                    9

from the new flight paths, upon Plaintiffs and their communities, are appropriately studied and such impacts reasonably redressed by Defendants;

3.      An award of monetary damages to Plaintiffs, compensating them for the various harms described above.

4.      An award of attorneys' fees and costs to Plaintiffs; and,

5.      Such other and further relief as the court may find appropriate.


## JURY DEMAND

Plaintiffs respectfully request trial by jury as to all issues so triable.


Dated: April 18, 2016                                Respectfully submitted,



By: _____
MARIE E. RICHMOND


**Complaint**                    .                          10

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mike Rodenbaugh (Cal. Bar No. 179059) Marie Richmond (SBN 292962)<br>RODENBAUGH LAW<br>548 Market Street, Box No 55819<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 738-8087     FAX NO.: (415) 738-8087<br>ATTORNEY FOR *(Name):* Daniel McKay and other named plaintiffs | **FILED**<br>APR 18 2016<br>ALEX CALVO, CLERK<br>BY KIMBERLY MERRELL<br>DEPUTY, SANTA CRUZ COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Cruz
STREET ADDRESS: 701 Ocean Street, Room 110
MAILING ADDRESS: 701 Ocean Street, Room 110
CITY AND ZIP CODE: Santa Cruz, CA 95060
BRANCH NAME: Civil Division

CASE NAME:
Schaefer et al. v. City of San Francisco et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **16CV00946**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [✓] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 18, 2016
Marie Richmond

_____        ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

BY FACSIMILE

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**<br>Santa Cruz Branch<br>701 Ocean Street, Room 110<br>Santa Cruz, CA 95060 | **FILED**<br><br>04/18/2016<br><br>Alex Calvo, Clerk<br><br>By: Kimberly Merrell<br><br>Deputy, Santa Cruz County |
|---|---|
| Neil Schaefer, et al<br><br>VS<br><br>City of San Francisco, et al | |
| **CASE MANAGEMENT INFORMATION AND SETTING** | **CASE NO:**<br>16CV00946 |

This case is in Santa Cruz County's Case Management Program. It is the duty of each party to be familiar with the California Rules of Court and the date, time and place of the first case management conference.

This notice must be served with the summons on all defendants and cross-defendants. Notice of any other pending case management conference must be served on subsequently named defendants and cross-defendants.

Attention Defendant: You have 30 days after the summons is served on you to file a written response to the complaint with the court. The date below does not extend the time to file a response. See the summons for instructions for responding to the summons and complaint. A written response may not be necessary in all cases. To make this determination it is important to seek legal advice and information. See the referrals at the bottom of this form.

---

**The first Case Management Conference hearing date is:**

**Date:   08/17/2016**          **Time:   8:30**          **Santa Cruz Department 5**

Address of the Court: 701 Ocean Street, Santa Cruz, California

---

*Telephonic court appearances are provided through CourtCall to the court. To make arrangements to appear at the Case Management Conference by telephone, please call the program administrator for CourtCall at (888) 882-6878 at least five (5) court days prior to the hearing. DO NOT CALL THE COURT.*

If you are in need of legal advice or legal information on how to proceed in your case you may call or visit the following resources:

1. Santa Cruz County Bar Association Lawyer Referral Service: Phone 831-425-4755 (Fee based service).
2. Santa Cruz County Law Library: 701 Ocean Street, Room 70 Basement, Santa Cruz, CA 95060 Phone 831-454-2205, www.lawlibrary.org, for hours and other resources.
3. Santa Cruz Superior Court Self Help Center: 1 Second Street, Room 301, Watsonville, CA 95076 Phone 831-786-7200, option 4, www.santacruzcourt.org, for hours and workshop options.
4. Watsonville Law Center: 831-722-2845.

# EXHIBIT C

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Mike Rodenbaugh (Cal Bar No. 179059) Marie Richmond (Cal Bar No. 292962)<br>RODENBAUGH LAW<br>548 Market Street, Box No. 55819<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 738-8087    FAX NO. *(Optional):* (415) 738-8087<br>E-MAIL ADDRESS *(Optional):* mike@rodenbaugh.com<br>ATTORNEY FOR *(Name):* Neil Schaefer and other named Plaintiffs | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Cruz |
|---|
| STREET ADDRESS: 701 Ocean Street, Room 110 |
| MAILING ADDRESS: 701 Ocean Street, Room 110 |
| CITY AND ZIP CODE: Santa Cruz, CA 95060 |
| BRANCH NAME: Civil Division |

| PLAINTIFF/PETITIONER: Schaefer et al.<br><br>DEFENDANT/RESPONDENT: City and County of San Francisco et al. |
|---|

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>16CV00946 |
|---|---|

TO *(insert name of party being served):* Alaska Airlines, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 6/20/2016

Marie Richmond
*(TYPE OR PRINT NAME)*

▶ _____
*(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)*

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: JUNE 24, 2016
ALASKA AIRLINES, INC.
RICHARD B. GROTCH
*(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,*
*ON WHOSE BEHALF THIS FORM IS SIGNED)*

▶ _____
*(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF*
*ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)*

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mike Rodenbaugh (Cal Bar No. 179059) Marie Richmond (Cal Bar No. 292962) RODENBAUGH LAW 548 Market Street, Box No. 55819 San Francisco, CA 94104 TELEPHONE NO.: (415) 738-8087    FAX NO. *(Optional):* (415) 738-8087 E-MAIL ADDRESS *(Optional):* mike@rodenbaugh.com ATTORNEY FOR *(Name):* Neil Schaefer and other named Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Cruz
STREET ADDRESS: 701 Ocean Street, Room 110
MAILING ADDRESS: 701 Ocean Street, Room 110
CITY AND ZIP CODE: Santa Cruz, CA 95060
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Schaefer et al.

DEFENDANT/RESPONDENT: City and County of San Francisco et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 16CV00946 |
|---|---|

TO *(insert name of party being served):* All Nippon Airways Co. Ltd.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 06/15/2016

Marie Richmond
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☑ A copy of the summons and of the complaint.
2. ☐ Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: JUNE 24, 2016
ALL NIPPON AIRWAYS CO., LTD.
RICHARD G. GROTCH
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mike Rodenbaugh (Cal Bar No. 179059) Marie Richmond (Cal Bar No. 292962)<br>RODENBAUGH LAW<br>548 Market Street, Box No. 55819<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 738-8087    FAX NO. (Optional): (415) 738-8087<br>E-MAIL ADDRESS (Optional): mike@rodenbaugh.com<br>ATTORNEY FOR (Name): Neil Schaefer and other named Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Cruz
STREET ADDRESS: 701 Ocean Street, Room 110
MAILING ADDRESS: 701 Ocean Street, Room 110
CITY AND ZIP CODE: Santa Cruz, CA 95060
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Schaefer et al.

DEFENDANT/RESPONDENT: City and County of San Francisco et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>16CV00946 |
|---|---|

TO (insert name of party being served): American Airlines, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 6/20/2016

Marie Richmond
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [✓]    A copy of the summons and of the complaint.
2. [ ]    Other (specify):

(To be completed by recipient):

Date this form is signed: JUNE 24, 2016
AMERICAN AIRLINES, INC.
RICHARD G. GROTCH
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mike Rodenbaugh (Cal Bar No. 179059) Marie Richmond (Cal Bar No. 292962) RODENBAUGH LAW 548 Market Street, Box No. 55819 San Francisco, CA 94104 TELEPHONE NO.: (415) 738-8087    FAX NO. (Optional): (415) 738-8087 E-MAIL ADDRESS (Optional): mike@rodenbaugh.com ATTORNEY FOR (Name): Neil Schaefer and other named Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Cruz
STREET ADDRESS: 701 Ocean Street, Room 110
MAILING ADDRESS: 701 Ocean Street, Room 110
CITY AND ZIP CODE: Santa Cruz, CA 95060
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Schaefer et al.

DEFENDANT/RESPONDENT: City and County of San Francisco et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 16CV00946 |
|---|---|

TO (insert name of party being served): Delta Air Lines, Inc.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 6/20/2016

Marie Richmond
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. ☑ A copy of the summons and of the complaint.
2. ☐ Other (specify):

(To be completed by recipient):

Date this form is signed: JUNE 24, 2016
DELTA AIRLINES, INC.
RICHARD G. GROTCH
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _(signature)_
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mike Rodenbaugh (Cal Bar No. 179059) Marie Richmond (Cal Bar No. 292962) RODENBAUGH LAW 548 Market Street, Box No. 55819 San Francisco, CA 94104 <br> TELEPHONE NO.: (415) 738-8087    FAX NO. *(Optional):* (415) 738-8087 <br> E-MAIL ADDRESS *(Optional):* mike@rodenbaugh.com <br> ATTORNEY FOR *(Name):* Neil Schaefer and other named Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Cruz
STREET ADDRESS: 701 Ocean Street, Room 110
MAILING ADDRESS: 701 Ocean Street, Room 110
CITY AND ZIP CODE: Santa Cruz, CA 95060
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Schaefer et al.

DEFENDANT/RESPONDENT: City and County of San Francisco et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 16CV00946 |
|---|---|

TO *(insert name of party being served):* Jet Blue Airways Corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 6/20/2016

Marie Richmond
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☑ A copy of the summons and of the complaint.
2. ☐ Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: JUNE 24, 2016
JET BLUE AIRWAYS CORP.
RICHARD G. GROTCH
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mike Rodenbaugh (Cal Bar No. 179059) Marie Richmond (Cal Bar No. 292962) RODENBAUGH LAW 548 Market Street, Box No. 55819 San Francisco, CA 94104 TELEPHONE NO.: (415) 738-8087      FAX NO. *(Optional):* (415) 738-8087 E-MAIL ADDRESS *(Optional):* mike@rodenbaugh.com ATTORNEY FOR *(Name):* Neil Schaefer and other named Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Cruz
    STREET ADDRESS: 701 Ocean Street, Room 110
    MAILING ADDRESS: 701 Ocean Street, Room 110
    CITY AND ZIP CODE: Santa Cruz, CA 95060
    BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Schaefer et al.

DEFENDANT/RESPONDENT: City and County of San Francisco et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 16CV00946 |
|---|---|

TO *(insert name of party being served):* Southwest Airlines, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 6/20/2016

Marie Richmond
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓]  A copy of the summons and of the complaint.

2. [ ]  Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: JUNE 24, 2016

SOUTHWEST AIRLINES CO.
RICHARD G. GROTCH
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mike Rodenbaugh (Cal Bar No. 179059) Marie Richmond (Cal Bar No. 292962)<br>RODENBAUGH LAW<br>548 Market Street, Box No. 55819<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 738-8087    FAX NO. (Optional): (415) 738-8087<br>E-MAIL ADDRESS (Optional): mike@rodenbaugh.com<br>ATTORNEY FOR (Name): Neil Schaefer and other named Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Cruz
STREET ADDRESS: 701 Ocean Street, Room 110
MAILING ADDRESS: 701 Ocean Street, Room 110
CITY AND ZIP CODE: Santa Cruz, CA 95060
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Schaefer et al.

DEFENDANT/RESPONDENT: City and County of San Francisco et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>16CV00946 |
|---|---|

TO (insert name of party being served): United Airlines, Inc.

---

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 6/20/2016

Marie Richmond
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [✓]  A copy of the summons and of the complaint.
2. [ ]  Other (specify):

(To be completed by recipient):

Date this form is signed: JUNE 24, 2016

UNITED AIRLINES, INC.
RICHARD G. GROTCH
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mike Rodenbaugh (Cal Bar No. 179059) Marie Richmond (Cal Bar No. 292962) RODENBAUGH LAW 548 Market Street, Box No. 55819 San Francisco, CA 94104 | |

TELEPHONE NO.: (415) 738-8087          FAX NO. (Optional): (415) 738-8087

E-MAIL ADDRESS (Optional): mike@rodenbaugh.com

ATTORNEY FOR (Name): Neil Schaefer and other named Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Cruz
STREET ADDRESS: 701 Ocean Street, Room 110
MAILING ADDRESS: 701 Ocean Street, Room 110
CITY AND ZIP CODE: Santa Cruz, CA 95060
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Schaefer et al.

DEFENDANT/RESPONDENT: City and County of San Francisco et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 16CV00946 |
|---|---|

TO (insert name of party being served): Virgin America, Inc.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 6/20/2016

Marie Richmond
(TYPE OR PRINT NAME)

▶ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [✓]  A copy of the summons and of the complaint.
2. [ ]  Other (specify):

(To be completed by recipient):

Date this form is signed: JUNE 24, 2016

VIRGIN AMERICA INC.
RICHARD G. GROTCH
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov